IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE CAO GROUP, INC., a Utah Corporation,<br>                Plaintiff,<br>vs.<br>FEDERAL-MOGUL CORPORATION, a Michigan Corporation, UNIVERSAL SCIENTIFIC INDUSTRIAL CORPORATION, LTD, a Taiwanese Company,<br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:08CV682 DAK |

      This matter is before the court on Defendant Federal-Mogul Corporation's ("Federal-Mogul") Motion to Dismiss for Lack of Proper Venue and on Defendant Universal Scientific Industrial Corporation Ltd.'s ("USI") Motion to Dismiss.  A hearing on the motions was held on January 21, 2009.  At the hearing, Federal-Mogul was represented by J. Thomas Beckett.  USI was represented by Joanne M. Jorgensen, and The CAO Group ("CAO") was represented by John P. Ashton.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

A.      **FEDERAL-MOGUL'S MOTION TO DISMISS**

Federal-Mogul has filed a Motion to Dismiss for Lack of Proper Venue.  CAO's Complaint alleges breaches under a contract between CAO and Federal- Mogul.  That contract, however, contains a forum selection clause that mandates that "[a]ny action hereunder shall be subject to the exclusive jurisdiction of state and federal courts sitting in Michigan."   Defendant Federal-Mogul argues that the forum selection clause is controlling and that this action may only be brought in Michigan.

CAO Group concedes that its contact claims must be heard in Michigan, but it argues that its claim against Federal-Mogul for misappropriation of trade secrets is a tort claim that is not subject to the forum-selection clause.  Therefore, it argues, that claim is properly before this court.

Federal-Mogul, on the other hand, contends that the trade secrets claim is, at its core, a breach of contract claim, and, moreover, even if it were a tort claim, it still arises under the contract and is therefore subject to the forum selection clause.  Federal-Mogul also argues that in any event, transfer of all claims is warranted in the interests of judicial economy and the convenience of the parties.

Whether forum selection clauses are applicable to tort claims "depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Berrett v. Life Ins. Co. of the Southwest*, 623 F. Supp. 946, 948 (D. Utah 1985).  While the Tenth Circuit

has not specifically addressed the applicability of forum selection clauses to tort actions, other Circuit Courts of Appeal, including the Third, Fifth, and Eighth Circuits, have rejected any tort/contract distinction in the forum selection clause analysis. *See, e.g.*, *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221- 222 (5th Cir. 1998) (rejecting a general tort/contract distinction in forum selection clause context); *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (finding the parties' forum selection clause applicable to tort claims); *Costal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983) (holding that forum selection clauses are not limited to contract claims, but can be applied to "all claims growing out of the contractual relationship," including tort claims). Indeed, the Supreme Court in *Carnival Cruise Lines, Inc. v. Shute*, impliedly rejected any tort/contract distinction by applying a forum selection clause to a case involving purely tort claims arising out of a slip and fall incident. 499 U.S. 585, 595-596 (1991).

Here, the Supply Agreement's forum selection clause states that "[a]ny action *hereunder* shall be subject to the exclusive jurisdiction of state and federal courts sitting in Michigan." Forum selection clauses similarly referring to actions "hereunder" or "under the agreement" have been found to be broad enough to encompass tort claims. *Picken v. Minuteman Press Int'l, Inc.*, 854 F. Supp. 909, 911 (N.D. Ga. 1993) (holding that "[r]eading the word 'hereunder' to apply only to a pure breach of contract claim between the parties would be unduly crabbed and narrow"); *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 677-78 (D.N.J. 1993) (holding that forum selection clause stating "any and all causes of action hereunder by and between the parties hereto" encompassed plaintiff's claim for tortious interference); *Banco*

*Popular de Puerto Rico v. Airborne Group PLC*, 882 F. Supp. 1212, 1217 (D.P.R. 1995) (holding that the forum selection clause encompasses tort claims because "the basic source of any [tort] duty owed by defendants to plaintiff derives from the contractual relationship").

This court finds that CAO's claim for misappropriation of trade secrets claim is subject to the Supply Agreement's forum selection clause.  Additionally, even if the claim were not subject to the forum selection clause, the court finds that it is in the interests of judicial economy and the convenience of the parties to bring the trade secret claim in Michigan, where it can be litigated together with CAO's contract claims.

**USI's MOTION TO DISMISS**

Universal Scientific ("USI"), a Taiwanese company, argues that it is not subject to personal jurisdiction in Utah, and thus, the claims against it must be dismissed.  In its opposition memorandum, CAO states that it does "not to contest USI's motion as it relates to personal jurisdiction in Utah."  CAO requests, however, that if the court transfers any portion of CAO's case against Federal Mogul Corporation to Michigan, it also transfer CAO's claims against USI to that forum."

USI, however, argues that transfer is not proper when the plaintiff has not established that jurisdiction and venue would be proper in the new venue.  Here, CAO Group has not attempted to establish that jurisdiction and venue would be proper in Michigan.  The court, therefore, declines to transfer the claims against USI to Michigan.  Because it may cause confusion to transfer the claims against Federal-Mogul to Michigan but not the claims against USI, the court will simply dismiss this entire action without prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED Defendant Federal-Mogul's Motion to Dismiss for Lack of Proper Venue [docket # 3] is GRANTED, and Defendant USI's Motion to Dismiss [docket # 10] is GRANTED. CAO's claims against both Defendants are DISMISSED without prejudice.

DATED this 3rd day of March, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge